

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00378-CR

DAVID MARTIN SCHMITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 66,873-A, Honorable Dan L. Schaap, Presiding

December 4, 2018

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

We previously remanded this cause on October 19, 2018, for the trial court to prepare an amended certification of appellant's right of appeal consistent with the record. The trial court's certification provides that appellant has the right of appeal, but the record includes a waiver of appeal signed by appellant. We directed the trial court to file an amended certification by November 19, but the trial court has not responded to our order. On November 6, appellant's trial counsel filed an affidavit with the district clerk stating

that the waiver "was inadvertently signed" by appellant and that appellant "did not intend to waive any right of appeal." That affidavit was filed with this Court on November 28.

Based on the representations of appellant's trial counsel, we have reinstated the appeal, and now abate the appeal and remand the cause to the 47th District Court of Potter County for further proceedings. Upon remand, the trial court shall conduct a hearing to determine whether appellant voluntarily, knowingly, and intelligently waived his right of appeal. *See Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003). The trial court shall issue findings of fact and conclusions of law on this matter. Should the trial court determine that the waiver was made voluntarily, knowingly, and intelligently, it shall also prepare an amended certification consistent with the record. *See* TEX. R. APP. P. 25.2(f).

The trial court shall cause to be developed (1) a supplemental clerk's record containing its findings, conclusions, and any amended certification, and (2) a reporter's record transcribing any evidence and argument presented at the hearing. TEX. R. APP. P. 34.5(c)(2). The record shall be filed with the Clerk of this Court on or before January 3, 2019. Should further time be needed to perform these tasks, then same must be requested before January 3, 2019.

It is so ordered.

Per Curiam

Do not publish.